IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE D. WALLS, | ) |
| | ) Civil Action No. 11 - 1142 |
| Petitioner, | ) |
| | ) District Judge Nora Barry Fischer |
| v. | ) Magistrate Judge Cynthia Reed Eddy |
| | ) |
| TRAVIS WINGARD; Warden Allegheny County Jail; JAQUAN JACKSON; Case Analyst U.S. Parole Commission, | ) ) ) ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus as moot be granted.

### II. REPORT

On September 9, 2011, Petitioner, George D. Walls, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming that the U.S. Parole Commission violated his constitutional rights by holding him in custody since July 29, 2011 without a revocation hearing. As relief, he requested immediate release, a hearing, or an expedited process. On February 29, 2012, the Parole Commission held a Revocation Hearing. After the hearing, the Parole Commission determined that there was "no finding of violations" of Petitioner's parole. By Notice dated March 27, 2012, Petitioner was ordered to be released from custody and his case was ordered to be closed. Petitioner was released from custody on March 28, 2012,

Generally, when a prisoner is challenging the Bureau's execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. *See* Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Lane v. Williams, 455 U.S. 624, 631-34 (1982); Burkey v. Marberry, 556 F.3d 142, 147-48 (3d Cir.) (2009). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. Spencer, 523 U.S. at 7; Burkey, 556

F.3d at 147. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *See* Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (holding that a federal court no longer has jurisdiction over a case that has become moot); Hall v. Beals, 396 U.S. 45, 48 (1969) (holding that a federal court lacks jurisdiction to consider any case that has lost its character as a present, live controversy).

When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. *See, e.g.,* Spencer, 523 U.S. at 7-8 (quoting Lewis, 464 U.S. at 477); Burkey, 556 F.3d at 147-51. Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. *Id.* However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedies by the court in order to avoid having his case dismissed on mootness grounds. *Id.*; Burkey, 556 F.3d at 148 ("Where ... the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.").

The purpose of a federal petition for a writ of habeas corpus is to challenge the legal authority under which a prisoner is being held in custody. 28 U.S.C. § 2241. Prisoners and parolees are entitled to habeas corpus relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." The remedy is release. Because the Petitioner was released from custody on March 28, 2012, he has received all of the relief he requested in his habeas Petition. Thus, he no longer has the requisite "personal stake" in the outcome of the litigation. *Id.*; Spencer, 523 U.S. at 7. Accordingly, there is no case or controversy for this Court to consider and the Petition should be dismissed as moot. *Accord* Carter-El v. Fulwood, 819 F.Supp.2d 38, 40 (D.D.C. 2011). Moreover, as the U.S. Supreme Court recently reiterated, "[i]t has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules

of law which cannot affect the matter in issue in the case before it'." Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). *Accord* Spencer, 523 U.S. at 18 (the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

Because there is no case or controversy for this Court to consider, any claims Petitioner makes challenging the legality of his detention are moot. To the extent that Petitioner seeks relief other than release, he must pursue such claims in a proceeding other than a petition for writ of habeas corpus.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus as moot be granted.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections will constitute a waiver of any appellate rights.

Cynthia R. Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: June 19, 2012

George D. Walls
PO Box 2513
Pittsburgh, PA 15230-2513